**John DOE and American Civil Liberties Union,
Plaintiffs,**

v.

**Eric HOLDER, in his official capacity as Attorney General of the United States et al., Defendants.**

**No. 04 Civ. 2614(VM).**

United States District Court,
S.D. New York.

Aug. 5, 2009.

Ann Beeson, Arthur Nelson Eisenberg, New York Civil Liberties Union, Jameel Jaffer, Melissa Goodman, Sharon M.

McGowan, American Civil Liberties Union Foundation, New York, NY, for Plaintiffs.

Meredith Eve Kotler, Wilson Sonsini Goodrich & Rosati, Jeffrey Stuart Oestericher, U.S. Attorney's Office, Ronald Marc Daignault, Jenner & Block LLP, New York, NY, for Defendants.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

Following remand of this matter from the Second Circuit Court of Appeals,[1] defendants (the "Government") made an ex parte, in camera filing under seal consisting of a classified sworn Declaration dated June 16, 2009 (the "Declaration"),[2] made by a Supervisory Special Agent of the Federal Bureau of Investigation ("FBI") located at the FBI Headquarters. The Declaration was submitted in support of the Government's assertion that a continuing need exists for non-disclosure of the National Security Letter (the "NSL") at issue in this litigation. Plaintiffs ACLU and John Doe (collectively, "Plaintiffs") filed a motion seeking disclosure of the Declaration or, in the alternative, for an unclassified summary of the Declaration. The Court held a telephone conference with the parties on July 15, 2009, during which Plaintiffs consented to the Court scheduling an ex parte conference with the Government to discuss the Declaration and the Court's in camera review of it.

Following an in camera review of the Declaration, the Court held an ex parte conference with the Government on July 22, 2009. Present were representatives of the United States Attorney's Office and of the FBI who have knowledge of the matters involved the underlying litigation and the issues still in dispute.

The Court questioned the Government's representatives about the security, law enforcement and/or good faith basis for the classifications assigned to various paragraphs of the Declaration, and about the Government's arguments in favor of non-disclosure of the Declaration to the Plaintiffs. On the basis of its review, and the satisfactory explanations presented by the Government to the Court's inquiries, the Court is persuaded that the Declaration describes an ongoing authorized investigation to protect against international terrorism or clandestine intelligence activities, 18 U.S.C. § 2709(b), that disclosure of the Declaration may result in an enumerated harm as defined in 18 U.S.C. § 2709(c)(1), and therefore the Government has proffered sufficient grounds to support a finding that the Declaration in its entirety should not be disclosed to Plaintiffs at this time.

In accordance with the Court's request at the ex parte conference, the Government submitted to the Court, ex parte, in camera, an unclassified summary and a redacted version of the Declaration and a deletion code key explaining the justifications for each of the redactions.

## ORDER

For the reasons stated above, it is hereby

**ORDERED** that motion (Docket No. 168) of plaintiffs herein for an order directing disclosure of a declaration dated June 16, 2009 (the "Declaration") filed ex parte, in camera and under seal by defendants (the "Government") on June 17, 2009 containing classified information relating to this action, or in the alternative, for an

---

1. The Circuit Court's decision is reported as *Doe v. Mukasey,* 549 F.3d 861 (2d Cir.2008).

2. The Declaration was filed with the Court's Security Officer or Designee. The Court's

only copy of the Declaration is stored in the Court's secure room with access to it limited to persons granted appropriate security clearance.

unclassified summary of the Declaration, is granted in part and denied in part; and it is hereby

**ORDERED** that the Government disclose to plaintiffs the unclassified summary and redacted version of the Declaration and the deletion key submitted to the Court by the Government by letter dated August 3, 2009.

**SO ORDERED.**